**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| GRIMM BROTHERS REALTY CO. | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| Debtor | : | Bankruptcy No.:  17-13697 (MDC) |

**UNITED STATES TRUSTEE'S OBJECTION TO *PRO SE* DEBTOR'S MOTION FOR RECONSIDERATION OF COURT ORDER OF MAY 15, 2020 CONVERTING CASE TO CHAPTER 7**

The United States Trustee ('UST") for Region Three, by and through his undersigned counsel, hereby submits this Objection to the *pro se* Debtor's Motion for Reconsideration of this Court's Order of May 15, 2020 converting case to Chapter 7, said Objection being based on the following:

1. Andrew R. Vara is the United States Trustee ("UST") for this jurisdiction.

2. On August 24, 2017, the UST filed a motion to convert this case to a chapter 7 or in the alternative to dismiss the case with a bar to refiling (the "UST Motion").

3. The UST Motion alleged the debtor had filed numerous prior cases without reorganizing and that the debtor failed to demonstrate that it could reorganize in the present case. Also, the UST alleged that the debtor failed to appear at the 341(a) meeting of Creditors and failed to file operating reports.

4. On December 9, 2019, the UST filed a Supplement to the UST Motion, alleging ongoing failures of the debtor to perform its statutory duties and inability to reorganize. Further, the UST argued that the corporate debtor did not have counsel and could not represent itself in the bankruptcy proceeding. (Docket No.226)

5. Thereafter the Court continued the hearing on the UST's Motion to allow the debtor the opportunity to hire counsel. On March 3, 2020, the debtor filed an application to employ its fourth attorney in this case, Glenn Brown, Esq. and Real-World Law to represent the debtor. On April 15, 2020, just over a month after he was hired by the debtor, Brown filed a motion to withdraw his representation. As of this date, Brown and his law firm still seek to withdraw their representation.

6. In the previous chapter 11 case filed by this debtor, Bk. No. 15-12921mdc, the debtor was represented by no less than four different law firms.

7. In this present case, the debtor was represented by no less than four different law firms.

8. The UST has consistently pressed for dismissal of the bankruptcy case with a bar to refiling since the original motion was filed in 2017. The UST did not oppose conversion to a chapter 7 as the alternative relief under Section 1112(b).

9. After the hearing on the UST's Motion on May 13, 2020, this Court entered an Order converting the case to Chapter 7 on May 15, 2020.

10. The UST appointed Terry Dershaw as the chapter 7 trustee.

11. Gary Grimm, the officer of the debtor, filed this *pro se* Motion for Reconsideration of the Court Order granting the UST Motion.

12. The debtor is a corporation. Therefore, the debtor must be represented by counsel in this proceeding. See *Rowland v. Calif. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."); see also *United States v. Cocivera*, 104 F.3d 566, 572 (3d Cir. 1996) (citing *Rowland*).

13. The UST avers that the debtor was previously given generous consideration and more than ample time to engage replacement counsel to represent the debtor's interest. The UST filed and served upon the debtor several pleadings with this Court since November 2019, including the two Supplements to the Motion to Convert or Dismiss stating that a corporation must appear through counsel. Since November 2019, Gary Grimm knew the debtor had to be represented by counsel.

14. The UST believes that the Motion has not alleged sufficient or legitimate cause to vacate the Order converting the case. Moreover, the fact that debtor could not propose a plan for over three years while being represented by no less than four law firms clearly demonstrates the debtor's bad faith and inability to reorganize.

**WHEREFORE,** based on the foregoing, the UST requests that his Objection be SUSTAINED and the Motion be DENIED and for all relief that is just and proper.

Respectfully submitted,

ANDREW R. VARA
United States Trustee
for Regions 3 and 9

BY:   */s/ Kevin P. Callahan*
KEVIN P. CALLAHAN
Trial Attorney
Office of the U.S. Trustee
200 Chestnut Street, Suite 502
Philadelphia, PA  19106
Telephone: (215) 597-4411
Facsimile: (215) 923-1293

Dated: July 10, 2020