UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

In re:                                  :       Chapter 7
                                        :
Grimm Brothers Realty Co.,              :
                                        :
            Debtor                      :       No. 17-13697 (MDC)

DEBTOR AND EQUITY SECURITY HOLDERS' ANSWER TO
TRUSTEE'S MOTION TO SELL
901 SWEDE STREET FREE AND CLEAR OF LIENS

COMES NOW, Grimm Brothers Realty Co., debtor, and its equity security holders, by and through their counsel, Robert M. Morris, Esq., of Morris & Adelman, P.C., who answer the Trustee's motion to sell 901 Swede Street Free and Clear of Liens as follows:

1. through 9.  Admitted.

10. Admitted in part. Denied in part. It is denied that the debtor failed to renew the appropriate license. To the contrary, the Municipality of Norristown sent bills to the debtor for payment of the license fee. A copy of a bill received by the debtor in June, 2020, for one of the properties is attached hereto as D-1. The debtor received similar letters for all four properties. *While the case was in Chapter 11, the debtor tendered the payment to the Municipality of Norristown, but the payment was rejected because the debtor failed to pay licence fees that were due pre-petition.* At no time did the Municipality of Norristown notify the debtor that its license had been revoked. Rather, it only sent bills which the Trustee could have paid at any time out of funds he had on hand. The remainder of the allegation is denied as the debtor lacks information

sufficient to form a belief as to its truth or falsity.

11. Denied. The debtor lacks information as to whether the Board held a hearing on April 27, 2021, in connection with Gulati's rooming house license application and therefore denies the same. The debtor lacks information as to why Gulati terminated his offer and therefore denies the same. By way of further answer, a hearing before the zoning board on this issue should never have been requested. To the contrary, the trustee should merely have paid the outstanding bill to renew the license. Having failed to do that, it allowed the zoning board to change the zoning and thereby substantially diminish the value of the property.

12. Denied. The debtor lacks information about the Pryme Realty LLC offer and therefore denies the same. However, to the extent it is $84,000 less than the previous offer, the fault of that diminution lies on the Trustee's failure simply to pay the license bill and to allow the buyer to seek a zoning variance when none was required. If this sale is approved, the diminution of value as a result of the failure to pay the license fee must be charged to the Trustee. The remainder of the allegation is denied.

13. Admitted.

14. Admitted.

15. Admitted in part. Denied in part. It is admitted that sale of the property will reuslt in a benefit to the estate. It

is denied that the sale price of $171,000 is fair or reasonable under the circumstances. The remainder of the allegation is denied.

16. Admitted in part. Denied in part. It is admitted that the Trustee is seeking approval of the sale of the property to Pryme Realty, LLC. It is denied that approval should be granted.

17. - 18. Denied as a conclusion of law.

19. Denied. The Trustee's decision to sell the property for $171,000.00 is not a reasonable exercise of his business judgment. To the contrary, the Trustee is asking this court to ratify a blunder he made in failing to pay the *de minimis* license fee while the property was under his control with money he had in his possession and to delegate obtaining a zoning variance to a buyer when no zoning variance was required, thereby giving the Municipality of Norristown the opportunity to revoke the prior license which it had not done and which it was prohibited from doing by the automatic stay. The remainder of the allegation is denied.

20. Denied. Ample business justification for this sale does not exist. To the contrary, the Trustee is asking the court to ratify his blunder. See the Answer to paragraph 19, above.

21. - 30. Denied as a conclusion of law.

WHEREFORE, this Court should deny the motion.

MORRIS & ADELMAN, P.C.

_____
ROBERT M. MORRIS, ESQ.
Attorney for Debtor